**GIBSON DUNN**

Allyson N. Ho
T: +1 214.698.3233
F: +1 214.571.2971
aho@gibsondunn.com

June 4, 2026

VIA CM/ECF

Lyle Cayce
Clerk of Court,
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

Re:    *Carlo Civelli et al. v. Phillip Mulacek et al., No. 26-20183*

Dear Mr. Cayce:

Today, Phil Mulacek filed for Chapter 11 bankruptcy. As the Mulaceks informed this Court he would, Civelli moved the district court for a receivership (over Phil and his brother Pierre) and an asset turnover (for Phil's sister Michelle and their 90-year-old mother Mauricette) on Monday, June 1, 2026. Dkt. 84. Without briefing on the motion, the district court announced its intention to move forward quickly with a "final order" granting that extraordinary relief.

Under the shadow of that serious development—and with the Mulaceks' motions for administrative stay, Dkt. 49, and to approve a supersedeas bond consistent with Texas's bond cap, Dkt. 21, still unresolved 24 days and 45 days after the filing of each, respectively—Phil Mulacek had no choice but to declare bankruptcy to avoid a value destructive fire sale of his assets by Civelli while the merits appeal of the $210 million judgment against him and his family pends in this Court. This development, made necessary so that Phil Mulacek could appeal a highly disputed nuclear judgment without turning over his assets (here, to a non-U.S. claimant), is exactly what the Texas bond cap was enacted to prevent.

The Mulaceks will promptly move the bankruptcy court on an expedited basis to lift the automatic stay that accompanies that filing to allow their appeal of the judgment—along with their motion to approve a $25 million supersedeas bond consistent with Texas's bond cap—to move forward in this Court.

Sincerely,

*/s/ Allyson N. Ho*
Allyson N. Ho
*Counsel for Appellants Phillipe Emanuel Mulacek; Michelle Mulacek;*
*Pierre Mulacek; and Mauricette Mulacek*